In re:                                                              Case No. 18-01044-HWV
James A. Reynolds                                                   Chapter 13
Tiffany M. Reynolds
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0314-1        User: TWilson       Page 1 of 2        Date Rcvd: May 07, 2018
                           Form ID: pdf002      Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 09, 2018.
db/jdb      +James A. Reynolds,   Tiffany M. Reynolds,   202 Powells Valley Road,   Halifax, PA 17032-9128
5034927     +Citibank/The Home Depot,   PO Box 790040,   St. Louis, MO 63179-0040
5034928     +Comenity Capital/Boscov,   Comenity Bank,   PO Box 182125,   Columbus, OH 43218-2125
5034929     +County of Lycoming,   48 West Third Street,   Williamsport, PA 17701-6536
5034931     +KML Law Group PC,   701 Market Street,   Suite 5000,   Philadelphia, PA 19106-1541
5034932      Lycoming County Tax Claim Bureau,   48 West Third Street,   Camp Hill, PA 17011
5034933     +Mellon Certified Restoration,   5005 Devonshire Road,   Harrisburg, PA 17109-1730
5034926      PA Department of Revenue,   Bureau of Individual Taxes,   Dept 280431,
             Harrisburg, PA 17128-0431
5054843     +Pacific Union Financial, LLC,   7800 Bent Branch Drive #100,   Irving, TX 75063-6019
5034937     +Shawn M. Hughes & Myron R. Thompson,   4996 State Route 42,   Unityville, PA 17774-9007
5034938     +Shellpoint Mortgage Servicing,   Attn: Bankruptcy,   PO Box 10826,   Greenville, SC 29603-0826
5052857      Wells Fargo Bank, N.A.,   PO Box 10438, MAC F8235-02F,   Des Moines, IA 50306-0438
5034941     +Wells Fargo Financial,   PO Box 94498,   Las Vegas, NV 89193-4498
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5037493      E-mail/Text: mrdiscen@discover.com May 07 2018 19:10:04    Discover Bank,
             Discover Products Inc,   PO Box 3025,   New Albany, OH 43054-3025
5034930     +E-mail/Text: mrdiscen@discover.com May 07 2018 19:10:04    Discover Financial,   PO Box 3025,
             New Albany, OH 43054-3025
5034925      E-mail/Text: cio.bncmail@irs.gov May 07 2018 19:10:12    Internal Revenue Service,   POB 7346,
             Philadelphia, PA 19101-7346
5051528      E-mail/PDF: cbp@onemainfinancial.com May 07 2018 19:09:16    ONEMAIN,   P.O. BOX 3251,
             EVANSVILLE, IN 47731-3251
5034934     +E-mail/PDF: cbp@onemainfinancial.com May 07 2018 19:09:16    OneMain,   Attn: Bankruptcy,
             601 NW Second St.,   Evansville, IN 47708-1013
5035635     +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 07 2018 19:09:04
             PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
5034935     +E-mail/Text: bankruptcy@loanpacific.com May 07 2018 19:10:43    Pacific Union Financial,
             1603 LBJ Freeway, Suite 501,   Farmers Branch, TX 75234-6071
5034936     +E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 07 2018 19:10:20
             Pennsylvania Department of Revenue,   PO Box 280946,   Harrisburg, PA 17128-0946
5034939     +E-mail/PDF: gecsedi@recoverycorp.com May 07 2018 19:09:39    Synchrony Bank/Sams,
             Attn: Bankruptcy,   PO Box 965060,   Orlando, FL 32896-5060
                                                                                      TOTAL: 9

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5034940      Trac/CBCD/Citicorp,   Removed per entry 17
cr*         +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                         TOTALS: 1, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 09, 2018                    Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 7, 2018 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com,   TWecf@pamd13trustee.com
              Gary J Imblum    on behalf of Debtor 2 Tiffany M. Reynolds gary.imblum@imblumlaw.com,
               gary.imblum@ecf.inforuptcy.com;carol.shay@ecf.inforuptcy.com;sharlene.miller@ecf.inforuptcy.com;b
               ernadette.davis@ecf.inforuptcy.com;gary.j.imblum@ecf.inforuptcy.com
              Gary J Imblum    on behalf of Debtor 1 James A. Reynolds gary.imblum@imblumlaw.com,
               gary.imblum@ecf.inforuptcy.com;carol.shay@ecf.inforuptcy.com;sharlene.miller@ecf.inforuptcy.com;b
               ernadette.davis@ecf.inforuptcy.com;gary.j.imblum@ecf.inforuptcy.com
              James Warmbrodt    on behalf of Creditor  Pacific Union Financial, LLC bkgroup@kmllawgroup.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                    TOTAL: 5

## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
James A. Reynolds
Tiffany M. Reynolds

CHAPTER 13
CASE NO. [                    ]

☑ ORIGINAL PLAN
_____ AMENDED AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc.)
☐ Number of Motions to Avoid Liens
☑ 1 Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 10, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☑ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN**

   A. **Plan Payments From Future Income**

   1. To date, the Debtor paid $ **0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is **$38,500.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | | Total Payment |
|---|---|---|---|---|---|
| 05/18 | 11/22 | 700.00 | 0.00 | 800.00 | 38,500.00 |
| 12/22 | 04/23 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $38,500.00 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Case 1:18-bk-01044-HWV    Doc 22    Filed 04/12/18    Entered 04/12/18 14:12:32    Desc
Main Document        Page 1 of 7
Case 1:18-bk-01044-HWV    Doc 28    Filed 05/09/18    Entered 05/10/18 00:47:12    Desc
Imaged Certificate of Notice    Page 3 of 9

4. CHECK ONE: ☐ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

        ☑ Debtor(s) is over median income. Debtor(s) calculates that a minimum of $<u>0.00</u> must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

**B.**     <u>**Additional Plan Funding From Liquidation of Assets/Other**</u>

1. The Debtor estimates that the liquidation value of this estate is $<u>0.00.</u> (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☑ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

_____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

_____

**2.**     **SECURED CLAIMS.**

    **A.**     <u>**Pre-Confirmation Distributions.**</u> *Check one.*

    ☐ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

    ☑ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|---|
| OneMain | Attn: Bankruptcy; 601 NW Second St; Evansville, IN 47708 | 9995 | $30.00 |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

    **B.**     <u>**Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.**</u> *Check one.*

    ☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

    ☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Pacific Union Financial | 202 Powells Valley Road Halifax, PA 17032  Dauphin County | 4773 |

2

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Case 1:18-bk-01044-HWV    Doc 22    Filed 04/12/18    Entered 04/12/18 14:12:32    Desc
Main Document      Page 2 of 7
Case 1:18-bk-01044-HWV    Doc 28    Filed 05/09/18    Entered 05/10/18 00:47:12    Desc
Imaged Certificate of Notice      Page 4 of 9

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Shellpoint Mortgage Servicing | 4996 State Highway 42 Unityville, PA 17774  Lycoming County | 8075 |

C.     **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Pacific Union Financial | 202 Powells Valley Road Halifax, PA 17032 Dauphin County | $16,160.43 | $0.00 | $16,160.43 |
| Shellpoint Mortgage Servicing | 4996 State Highway 42 Unityville, PA 17774 Lycoming County | $4,598.02 | $0.00 | $4,598.02 |

D.     **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

☑ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

    1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

    2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for present value interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

    3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| County of Lycoming | 4996 State Highway 42 Unityville, PA 17774  Lycoming County | $553.00 | 0% | $553.00 |
| Lycoming County Tax Claim Bureau | 4996 State Highway 42 Unityville, PA 17774  Lycoming County | $1,263.76 | 0% | $1,263.76 |

E.     **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

☑ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will

file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| OneMain | 2006 Volkswagen Jetta 225,000 miles Value is the average of Kelley Blue Book and NADA values | $2,550.50 | 4.5% | $2,852.94 | Plan |

F. **Surrender of Collateral.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☐ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

☑ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

      1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

      2. <u>Attorney's fees</u>. Complete only one of the following options:

         ☐ In addition to the retainer of $_____ already paid by the Debtor, the amount of $_____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or.

         ☑ $**see 10 below** per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

      3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
         *Check one of the following two lines.*

      ☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

      ☐ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

      ☑ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 10.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Pennsylvania Department of Revenue | $649.00 |

   C. *Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B). Check one of the following two lines.*

4

Case 1:18-bk-01044-HWV    Doc 22    Filed 04/12/18    Entered 04/12/18 14:12:32    Desc
Main Document      Page 4 of 7
Case 1:18-bk-01044-HWV    Doc 28    Filed 05/09/18    Entered 05/10/18 00:47:12    Desc
Imaged Certificate of Notice      Page 6 of 9

☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.**
    *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

| Name of Creditor | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| Shawn M. Hughes and Myron R. Thompson | Residential lease (Debtors are landlord) | $800.00 | 0% | $0.00 | $0.00 | Assume |

6. **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*
    ☐ plan confirmation.
    ☐ entry of discharge.
    ☑ closing of case:

7. **DISCHARGE: (Check one)**

    ☑ The debtor will seek a discharge pursuant to § 1328(a).

    ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **STUDENT LOANS.**

    The Debtor does not seek to discharge any student loans, with the exception of the following: ____

9. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

5

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Case 1:18-bk-01044-HWV   Doc 22   Filed 04/12/18   Entered 04/12/18 14:12:32   Desc
Main Document      Page 5 of 7
Case 1:18-bk-01044-HWV   Doc 28   Filed 05/09/18   Entered 05/10/18 00:47:12   Desc
Imaged Certificate of Notice      Page 7 of 9

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:     Adequate protection payments.
Level 2:     Debtor's attorney's fees.
Level 3:     Domestic Support Obligations.
Level 4:     Priority claims, pro rata.
Level 5:     Secured claims, pro rata.
Level 6:     Specially classified unsecured claims.
Level 7:     Timely general unsecured claims.
Level 8:     Untimely filed general unsecured claims to which the Debtor has not objected.

## 10.     NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

1A. If one of the debtors is not employed at the time of the filing of the plan, but has the ability to work, Debtors will notify counsel when he (or she) returns to work, and any necessary adjustments to the plan will be made at that time.

2(C).  Debtor waives the right to object to these claims after the Plan is confirmed.

2(E).  Amounts stated are estimated.  If an objection is filed to a Proof of Claim, payment of the amount determined by the Court or as stipulated to by the parties.

2F. The collateral being surrendered is being surrendered in full satisfaction of debt.

3B. IRS and PA Department of Revenue - The priority and/or secured portion of a timely filed allowed Proof of Claim relating to tax claims referenced shall be paid in full through the Plan. If an objection is filed to any such claim, the amount of the unsecured priority and secured claim determined by the Court or through agreement of the parties shall be paid in full through the Plan.

Debtor may in the future provide for payment of post petition federal, state and/or local tax claims to the detriment of non priority unsecured claims.

3A(2). Attorney fees.  Debtor's counsel will bill attorney's time at $295.00 per hour associates time at $235.00 per hour and paralegal time at $135.00 per hour.  Said hourly fees are subject to change upon reasonable notice to Debtor(s).  Debtor's counsel will submit a Fee Application to the Court for approval of fees.  Only those fees and costs approved by the Court shall be paid by the Trustee to counsel.

In addition to fees, Debtors will be responsible for expenses, including photo copying, travel (where applicable), postage, court costs, filing fees, and similar expenses which are incurred by counsel in the course of performing services to the Debtors.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Dated: _____

_____
Gary J. Imblum 42606
Attorney for Debtor

_____
James A. Reynolds
Debtor

_____
Tiffany M. Reynolds
Joint/Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 10.

7

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy